IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN BROUSSARD,

    Plaintiff,

v.                                                    CV 15-532 PJK/WPL

TOM KNAUBER, in his individual capacity,
and THE BOARD OF EDUCATION FOR
ALBUQUERQUE PUBLIC SCHOOLS,

    Defendants.


**ORDER STAYING DISCOVERY**

Alvin Broussard brought constitutional tort claims, pursuant to 42 U.S.C. § 1983, and state law claims against Defendants Tom Knauber and the Board of Education for Albuquerque Public Schools ("APS"). The claims all revolve around a 2014 incident in which Knauber allegedly planted marijuana and drug paraphernalia in Broussard's office and reported the drugs to law enforcement. Knauber filed a motion to dismiss Count III – alleging unlawful seizure of Broussard in violation of the Fourth Amendment – on the basis of qualified immunity. (Doc. 31.) Knauber now requests that I stay discovery pending a ruling on his motion. (Doc. 33.) Broussard responds that dismissing Count III would not materially limit the scope of discovery or narrow the issues because he has alleged other constitutional torts arising out of the same factual circumstance. (Doc. 36.) APS does not oppose the motion. (Doc. 40.)

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S.

800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Whether a public official is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable officer would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, --- U.S. ---, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818.

"The purpose[s] of discovery . . . are (1) to narrow the issues; (2) to obtain evidence for use at trial; and (3) to secure information as to the existence of evidence that may be used at trial." *Wood v. Todd Shipyards*, 45 F.R.D. 363, 364 (S.D. Tex. 1968) (citing *Berry v. Haynes*, 41 F.R.D. 243 (S.D. Fla. 1966)). On a motion to dismiss, the Court "must take all of the factual allegations in the complaint as true," but is not required to accept proposed legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The resolution of Knauber's motion to dismiss on the basis of qualified immunity turns solely on a question of law. Broussard has failed to explain why discovery is needed to address Knauber's motion. Notably, Broussard has already responded to Knauber's motion to dismiss (Doc. 34) and does not argue that he needs additional discovery. Because qualified immunity protects officials from the burdens of litigation, I grant Knauber's motion to stay all discovery pending the resolution of his motion to dismiss.

In light of discovery being stayed, all deadlines set in the Scheduling Order of August 21, 2015 (Doc. 26) are vacated.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.